IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



METAPHYZIC EL-ECTROMAGNETIC
SUPREME-EL,

    Petitioner,

v.                           Civil Action No. 3:14CV52

DIRECTOR, DEPARTMENT OF
CORRECTIONS,

    Respondent.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on March 3, 2015, the Court overruled Metaphyzic El-Ectromagnetic Supreme-El's objections, accepted and adopted the Report and Recommendation of the Magistrate Judge, and dismissed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Later on the same day, the Court received a "MOTION FOR LEAVE TO FILE AN AMENDED MOTION FOR SUMMARY JUDGMENT." (ECF No. 29.) Because the action has been dismissed, this Motion (ECF No. 29) will be denied.

On March 16, 2015, the Court received from Supreme-El a "MOTION FOR RELIEF FROM JUDGMENT OR ORDER PURSUANT TO RULE 60(b) OF THE FED. R. CIV. P." (ECF No. 32.) Because Supreme-El filed his request for reconsideration within twenty-eight (28) days of the entry of the March 3, 2015 Memorandum Opinion and Order, the

Court treats the motion as one under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). <u>MLC Auto., LLC v. Town of Southern Pines</u>, 532 F.3d 269, 277-78 (4th Cir. 2008) (citing <u>Dove v. CODESCO</u>, 569 F.2d 807, 809 (4th Cir. 1978)).

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>Hutchinson v. Staton</u>, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing <u>Weyerhaeuser Corp. v. Koppers Co.</u>, 771 F. Supp. 1406, 1419 (D. Md. 1991); <u>Atkins v. Marathon LeTourneau Co.</u>, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Supreme-El claims that he "seeks further review for relief" because the "final judgment of this court is the result of fraud, misrepresentation, and inadvertence; making the judgment void." (Rule 59(e) Mot. 2 (capitalization corrected); <u>see</u> Mem. Supp. Rule 59(e) Mot. 3, ECF No. 34.)[1] Supreme-El fails to demonstrate a clear error of law or any other basis for granting relief under Rule 59(e). Accordingly, the Rule 59(e) Motion (ECF No. 32) will be denied.

---

[1] To the extent Supreme-El suggests that no Memorandum Opinion was entered (Mem. Supp. Rule 59(e) Mot. 3), he is incorrect. (<u>See</u> ECF No. 27.) To the extent he contends that he never received a copy of the Memorandum Opinion, the Clerk mailed Supreme-El another copy of the March 3, 2015 Memorandum Opinion on March 20, 2015 in response to his letter. (<u>See</u> ECF No. 34.)

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). Supreme-El fails to satisfy this standard. Accordingly, a certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Supreme-El.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 15, 2015